## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-891 PLC |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons discussed below, petitioner will be ordered to file an amended petition on a Court form. He will also be directed to either file a motion for leave to proceed in forma pauperis or pay the filing fee.[1]

### Discussion

Petitioner is a self-represented litigant who is currently in custody at the Southeast Missouri Mental Health Center in Farmington, Missouri. On August 25, 2022, he filed a petition for writ of habeas corpus on a court-provided form.

In his application for writ of habeas corpus, petitioner asserts that he is litigating his 1988 conviction and sentence for flourishing a deadly weapon and third-degree assault. However, in direct contravention of his assertion, petitioner then states that he did not receive a sentence for his criminal claims, but he instead plead Not Guilty by Reason of Insanity (NGRI). Petitioner has not

---

[1]Petitioner has filed an exhibit to his application for writ indicating that he has paid the $5.00 filing fee. However, as of today's date, the Court has not received the filing fee or a motion to proceed in forma pauperis from petitioner.

cited to the criminal case or indicated the state court docket number in his petition relating to the alleged NGRI action.

In his application for relief, petitioner asserts that he was subjected to "false arrest" because he was a "confidential informant." Petitioner claims that he has been subjected to unlawful confinement in a "state asylum," and he has been "bait[ed]" for information. Petitioner asserts that he has "taken [his] case under habeas corpus review and Dept. of Justice in Washington, DC." He claims that he would like to go to Oasis Compass Healthcare in O'Fallon, Missouri.

Due to the assertions within the petition, it is difficult for the Court to decipher petitioner's arguments and how they purportedly relate to an action under 28 U.S.C. § 2254. Consequently, the Court is not confident whether the instant filing is petitioner's attempt to file a new petition for habeas corpus or if his intention is to file a motion for reconsideration or an appeal in one of his previously closed cases.[2]

Additionally, the instant application for writ of habeas corpus is missing relevant procedural information about petitioner's case. In particular, it is unclear what state case he is actually attempting to challenge and the appropriate grounds for challenging the action. Furthermore, if indeed petitioner is attempting to challenge a 1988 conviction, he has not indicated why he believes his habeas action to be timely.

---

[2]Petitioner has previously sought habeas corpus relief in this Court. *See, e.g.*, *McGee v. Reeves*, 4:97-CV-1703 FRB (E.D. Mo. 1997); *McGee v. State of Missouri*, 4:97-CV-1935 FRB (E.D. Mo. 1997); *McGee v. Limbaugh*, 4:97-CV-2299 TIA (E.D. Mo. 1997); *McGee v. Limbaugh*, 4:97-2384 CAS (E.D. Mo. 1997); *McGee v. Menditto*, 4:04-CV-139 CAS (E.D. Mo. 2004); *McGee v. Menditto*, 4:05-CV-528 FRB (E.D. Mo. 2005); *McGee v. Ring*, 4:09-CV-821 CAS (E.D. Mo. 2009); *McGee v. Schmitt*, 4:16-CV-1093 CEJ (E.D. Mo. 2016); *McGee v. Stringer*, 4:17-CV-258 ACL (E.D. Mo. 2017); *McGee v. Schmitt*, 4:17-CV-2366 NCC (E.D. Mo. 2017); *McGee v. Hacker*, 4:19-CV-1205 HEA (E.D. Mo. 2019); *McGee v. Schmidtt*, 4:19-CV-3214 SRC (E.D. Mo. 2019); *McGee v. Inman*, 4:20-CV-345 SRC (E.D. Mo. 2020); *McGee v. Inman*, 4:20-CV-720 NAB (E.D. Mo. 2020); and *McGee v. Hacker*, 4:20-CV-1575 NAB (E.D. Mo. 2020). He recently filed a document titled, "Objection of Time-Barred Statutory Interpretation Substantial Justice Integrity of Trial Substantial Justice," which the Court has construed as a § 2254 petition. *McGee v. Hacker*, 4:22-CV-604 SRW (E.D. Mo. 2022). His last action before the Court was *McGee v. Hacker*, No. 4:22-CV-477 AGF (E.D.Mo.) That case was dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to petitioner's failure to comply with a Court Order.

As such, the Court will direct the Clerk of Court to send to petitioner a copy of the Court's 28 U.S.C. § 2254 form. If petitioner is intending to file a new petition for habeas corpus, he must fill out the form in its entirety and return it to the Court. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Petitioner should not include any exhibits or attachments to the Court's 28 U.S.C. § 2254 form.

Petitioner is advised that in filling out his § 2254 form, *he must make clear the conviction he is challenging*. If petitioner is seeking conditional or unconditional release from confinement pursuant to Mo. Rev. Stat. § 552.040, he must demonstrate that he has exhausted his state court remedies before filing this action. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996) (stating that a petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief).

Petitioner will be given twenty-one (21) days in which to comply. Failure to submit an amended petition on a Court form within **twenty-one (21) days** will result in the dismissal of this action without prejudice and without further notice.

The Court notes that petitioner has also failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis. The Court will direct the Clerk of Court to send to petitioner a copy of the Court's motion to proceed in forma pauperis form. Petitioner will be given **twenty-one (21) days** in which to return the form or pay the filing fee. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that petitioner must file an amended 28 U.S.C. § 2254 petition within **twenty-one (21) days** of the date of this order. The amended petition should *not* include any exhibits or supplements.

**IT IS FURTHER ORDERED** that within the amended petition, petitioner shall set forth his efforts at exhausting his administrative remedies.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that petitioner shall either submit a motion for leave to proceed *in forma pauperis* or pay the $5 filing fee within **twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 26th day of August, 2022.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE